# JOSÉ PEREZ Y FERNANDEZ, Plaintiff,

## *v.*

# JOSÉ ANTONIO FERNANDEZ Y PEREZ AND RAFAEL DIAZ AGUERRIA, Defendants.

---

OPINION ON MOTION TO SET ASIDE JUDGMENT AND QUASH EXECUTION.

*Correction or alteration of judgment after term.*—After the expiration of the term at which a judgment is rendered, the court has no power to correct or alter the same, unless the judgment be void for want of jurisdiction.

April 2, 1902.

---

*Mr. F. H. Dexter,* attorney for plaintiff.

*Messrs. Horton & Cornwell,* attorneys for defendants.

HOLT, Judge, gave the following charge to the jury:

This is a motion, upon notice to the other side, to set aside a judgment upon a verdict rendered at the December term, 1901, of this court at Mayaguez, and to quash the execution thereon. It is made at chambers, and after the expiration of the term. Each side has been heard. No ground to quash the execution is presented save that the judgment should be disregarded or set aside. Not only has the term expired, but a writ of error has been sued out, and the case is now bound up in an appeal. It is elementary that a court has, after the expiration of the term,

Perez y Fernandez v. Fernandez y Perez.

no power over its judgments. This rule is so well established that numerous citation of authority is unnecessary. A judgment of a court, however conclusive, is, during the term at which it is rendered, subject to its order. After the term has ended, however, it is beyond its control. If erroneous, it can be corrected only by an appeal. By the common-law writ of error coram vobis, some material matter that had been overlooked— as the death of a party before trial, or infancy without the appointment of a guardian, the coverture of a party, or clerical error in the process—could be brought before the court. This is, however, now generally done by motion supported by affidavit. But if there be error on the part of the court rendering a judgment,—error in its action,—it cannot be reached by motion after the end of the term. It is then beyond its power. Bronson v. Schulten, 104 U. S. 410, 26 L. ed. 797.

If a judgment be void, as, for want of jurisdiction; or because the court has exceeded its power, as, for instance, if in a suit upon a note, the debtor has been sent to the penitentiary,— then it may, subsequent to the term at which it was rendered, afford relief upon motion, and hold it void. But this judgment is not void, and the motion must be overruled. Such an order will be entered.